UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD RENTHROPE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-4187** |
| **MARLIN N. GUSMAN** | **SECTION: "A" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.     Factual Background

The plaintiff, Ronald Renthrope ("Renthrope"), is incarcerated in the Orleans Parish Prison in New Orleans, Louisiana. Renthrope filed this *pro se* and *in forma pauperis* Complaint against the Orleans Parish Criminal Sheriff, Marlin Gusman, seeking monetary damages for the injury and damages he sustained while in the custody of the Orleans Parish Prison system ("OPP").

Renthrope alleges that in April 2009, he was escorted by the Orleans Parish Prison Deputy to the Criminal District Court for a court appointment. While being transferred, he alleges that he was handcuffed and taken up some stairs in the court building. He alleges that he fell down the

stairs which caused him to hurt his left eye. Although not clearly set out, he alleges that he hurt the left side of his face including his mouth. As a result of this experience, Renthrope seeks damages in the amount of $2,500.00 for pain and suffering, mental anguish, and stress. He also seeks the award of attorney's fees.

## II.     Standards of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III. <u>Supervisory Liability</u>

Renthrope filed suit against Sheriff Gusman seeking damages for the alleged injury and damages he sustained when he fell down some stairs in the criminal court house while being transported to court. He does not allege that Sheriff Gusman was involved in the process of transporting him to court. Thus, under the broad reading afforded to a *pro se* complaints, the Court construes Renthrope complaint as naming Sheriff Gusman as a defendant because of his supervisory role over the Orleans Parish Prison.

However, a supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).

Renthrope has not alleged that Sheriff Gusman was personally involved in the acts about which he complains. He also failed to allege that Sheriff Gusman was personally involved in his transportation to criminal court. An official is deliberately indifferent to an inmate's medical needs or safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Renthrope has not alleged that Sheriff Gusman was, in any way, personally aware of the incident about which he complains.

For the foregoing reasons, the claim against Sheriff Gusman in his supervisory capacity over OPP is therefore frivolous and otherwise fails to state a claim for which relief can be granted.

**IV.     Recommendation**

It is **RECOMMENDED** that Ronald Renthrope's § 1983 claims against Sheriff Marlin N. Gusman be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. §1915(e)and § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servss Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 21st day of January, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.